IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICK MARINELLI, individually and on behalf of all others similarly situated, | No. 3:24-cv-00574-KM |
| | CLASS ACTION |
| Plaintiff, | |
| v. | |
| ASPEN PROPERTIES GROUP, LLC, ASPEN GROWTH IV TRUST, WILMINGTON SAVINGS FUND SOCIETY, FSB, FCI LENDER SERVICES, INC., and DOES 1-10, | |
| Defendants. | |

## AMENDED CLASS ACTION COMPLAINT

Plaintiff Nick Marinelli ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Aspen Properties Group, LLC, Aspen Growth IV Trust, Wilmington Savings Fund Society, FSB, and FCI Lender Services, Inc. ("Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.  Through this action, Plaintiff seeks damages, attorneys' fees, and costs for an equity theft scheme that Defendants have hatched on consumers throughout the nation, whereby Defendants seek to collect tens of thousands of dollars of interest that they have no right to charge, collect, or receive.

## PARTIES

2. Plaintiff is a person residing in Monroe County, Pennsylvania.

3. Aspen Properties Group, LLC ("Aspen Properties') is a Kansas corporation located in Overland Park, Kansas.

4. Aspen Growth IV Trust ("Aspen Trust") is a Delaware trust located in Kansas City, Missouri.

5. Wilmington Savings Fund Society, FSB ("Wilmington") is a federal savings bank located in Wilmington, Delaware.

6. FCI Lender Services, Inc. ("FCI") is a California corporation located in Anaheim Hills, California.

7. Aspen Properties created Aspen Trust to hold the mortgages of Plaintiff and the class, and is the administrator of Aspen Trust.

8. Aspen Properties contracted with Wilmington to be the owner trustee of Aspen Trust, and with FCI to service the mortgage held by Aspen Trust.

9. Upon information and belief, Aspen Properties created other trusts, and contracted with other entities, to carry out the equity theft scheme identified herein, and DOES 1-10 are trusts, like Aspen Trust, servicers, like FCI, or owner trustees, like Wilmington, that Aspen Properties Group uses to effectuate that scheme.

10. Defendants use instrumentalities of interstate commerce, such as mail, telephone, and the internet, to collect debt.

## FACTUAL ALLEGATIONS

11. Plaintiff had a second mortgage loan that was charged-off sometime in 2011.

12. The mortgage loan was used for personal, family, and/or household purposes.

13. After the mortgage was charged-off, it was sold to Aspen Properties.

14. After that, Aspen Properties directed Aspen Trust and Wilmington to file suit against Plaintiff.

15. Defendants' lawsuit sought to recover $70,596.91 in unpaid principal, $79,566.08 of unpaid interest, $245.20 in escrow advances, and $3,826.05 in late fees, along with a host of other charges and fees, and attorney's fees and costs.

16. Defendants lacked the right to charge or recover the almost $80,000 of interest they sought to collect from Plaintiff because that interest accrued over a time period during which Plaintiff never received any periodic statements.

17. The interest that Defendants are attempting to collect is being assessed from 2011 to present.

18. Over that period, Plaintiff did not receive any periodic statements.

19. Such statements must be sent if a lender or servicer seeks to charge or recover interest. *See* 15 U.S.C. § 1638(f)(1); 12 C.F.R. § 1026.41(a)(2); *see, e.g., id.* at § 1026.41(e)(6)(ii)(B).

20.	Since Plaintiff never received periodic statements for the period during which Defendants are attempting to assess interests, Defendants have no legal right to seek to collect those amounts from Plaintiff.

21.	Additionally, it is unfair and deceptive for Defendants to assess interest for periods during no periodic statements were sent or for periods during which there was no other indication that interest was accruing.

22.	Indeed, the lack of any periodic statements disclosing that interest was accruing led Plaintiff to believe that his mortgage loan was closed, that no payments were owed, and that no interest was accruing.

23.	Had Plaintiff received the periodic statements that were required by law or any other indication that his loan was still open, and that interest was still accruing, he would not have allowed interest to accrue.

24.	Despite Defendants' attempt to collect tens of thousands of dollars of interest that Plaintiff did not owe, and that only accrued due to the failure to send the periodic statements that were required by law, Plaintiff was willing to pay the unpaid principal balance of his mortgage loan.

25.	But Defendants refused to allow Plaintiff to do so, demanding that he pay the interest that Defendants had no legal right to collect, and that only accrued due to Defendants' unfair and deceptive practice of attempting to collect interest on mortgage loans without disclosing that interest is accruing.

26. Because of that, Plaintiff was forced to hire an attorney.

27. Plaintiff paid the attorney to defend against Defendants' lawsuit, and Defendants' request for interest that Defendants had not right to charge, collect, or receive.

28. Defendants' actions in this case are part of a broader scheme, whereby Defendants buy old, non-performing mortgage loans in hopes of making a profit.

29. That scheme works as follows—Defendants find old mortgages that were charged-off when a home had no equity to recover, or that have been dormant for years; Defendants wait until the homes appreciate in value or other encumbrances on the home are paid off; and, once the homes that secure the mortgages gain equity that Defendants can monetize, Defendants buy the mortgage loans, assess thousands of dollars of interest, and use those thousands of dollars in unlawful charges as leverage to try and profit off of unsuspecting borrowers.

30. Plaintiff's facts are illustrative: when Plaintiff's second mortgage was charged-off in 2011, there was a first mortgage on his home, with no equity for the second mortgage to recover; after twelve years passed, Plaintiff paid the first mortgage and his home value increased; and, once Defendants realized they could make a profit, Defendants bought Plaintiffs' second mortgage and retroactively added tens of thousands of dollars in interest, hoping to transfer the equity Plaintiff had built to themselves and their investors.

31. Defendants' equity theft scheme is a deliberate attempt to increase the damages and collectability of mortgages.

32. Had Defendants informed Plaintiff that his second mortgage was accruing interest, as required by federal law, or informed Plaintiff that the mortgage still existed and was collectible, Plaintiff would have paid it back.

33. But Defendants remained silent, adding almost $80,000 of interest to Plaintiffs' mortgage loan for twelve years, and then suing Plaintiff in hopes of stealing the equity that Plaintiff had built over twelve years or, alternatively, forcing Plaintiff to pay massive interest charges that Defendants had no legal right to charge, collect, or receive, and that Defendants mislead Plaintiff into believing was not being charged and was not owed.

34. This scheme has not only ensnared Plaintiff, but it has harmed myriad consumers throughout the nation, who have paid Defendants' unlawful interest charges, lost their homes, had their home equity stolen, had to pay attorneys to defend against Defendants' unlawful lawsuits, or had to defend themselves against claims for interest that they did not know were accruing on loans that they did not know were owed or active.

## **CLASS ACTION ALLEGATIONS**

35. Plaintiff brings this action individually and on behalf of all others similarly situated under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

36. Plaintiff seeks to certify the following classes:

**Nationwide Class**

"All persons who, within the applicable statute of limitations, were contacted by any Defendant seeking to collect interest on a mortgage loan for a period during which periodic statements had not been sent."

**Pennsylvania Class**

"All Pennsylvania residents who, within the applicable statute of limitations, were contacted by any Defendant seeking to collect interest on a mortgage loan for a period during which periodic statements had not been sent."

37. Plaintiff reserves the right to expand, narrow, or otherwise modify the classes as litigation continues and discovery proceeds.

38. Fed. R. Civ. P. 23(a)(1): The classes are so numerous that joinder is impracticable. Since the claims of the class members are substantially identical, and the class members request substantially similar relief, centralizing the class members' claims in a single proceeding likely is the most manageable litigation method available.

39. Fed. R. Civ. P. 23(a)(2), 23(b)(3): Plaintiff and the class members share numerous common questions of law and fact that will drive the resolution of the

litigation and predominate over individual issues. For example, there is a single common answer to the question of whether Defendants could charge, collect, or receive interest on mortgage loans for a period during which no periodic statements were sent with respect to those loans. This question, and other common questions of law and fact, predominate over any individual issues.

40. Fed. R. Civ. P. 23(a)(3): Plaintiff's claims are typical of the claims of the classes because the claims of Plaintiff and the classes are based on the same legal theories and arise from the same conduct.

41. Fed. R. Civ. P. 23(a)(4): Plaintiff is an adequate representative of the classes because the interests of Plaintiff and the class members align. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the classes and has no interest antagonistic to the classes. Plaintiff retained counsel who are competent and experienced in the prosecution of class action litigation generally and consumer finance and credit litigation specifically.

42. Fed. R. Civ. P. 23(b)(3): Given the complexity and nature of the issues presented and the relief requested, the expense and time necessary to obtain such relief, and the anticipated recovery and relief Plaintiff and the class members may obtain, the class action mechanism is by far the preferred and most efficient litigation mechanism to adjudicate the claims of Plaintiff and the class members. Additionally, requiring Plaintiff and the class members to file individual actions would impose a

crushing burden on the court system and almost certainly lead to inconsistent judgments. Class treatment presents far fewer management difficulties and provides benefits of a single adjudication and economies of scale.

43. <u>Fed. R. Civ. P. 23(b)(2)</u>: Defendants have acted or refused to act on grounds that apply generally to the classes, such that final injunctive or declaratory relief is appropriate as to the classes as a whole.

## COUNT I
### Violation of the Fair Debt Collection Practices Act ("FDCPA")
### 15 U.S.C. §§ 1692, *et seq.*

44. This claim is brought individually and on behalf of the classes.

45. Plaintiff and the class members are consumers, their mortgage loans are debts, and Defendants are debt collectors under the FDCPA. 15 U.S.C. §§ 1692a(3), (5), (6).

46. Defendants' actions and practices constitute as: conduct the natural consequence of which is to harass, oppress, or abuse in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d; false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e; and/or unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

47. As a result of Defendants' failure to comply with the provisions of the FDCPA, and the resulting injury and harm this failure caused, Plaintiff and the class

members are entitled to actual damages, statutory damages, and attorneys' fees and costs under 15 U.S.C. § 1692k.

## COUNT II
### Violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL")
### 73 P.S. §§ 201-1, *et seq.*

48. This claim is brought individually and on behalf of the classes.

49. Plaintiffs, the class members, and Defendant are persons, the loans at issue were used to buy goods or services for personal, family, and/or household use, and Defendant's conduct is trade or commerce under the UTPCPL. 73 P.S. §§ 201-2(2), (3), 201-9.2.

50. Defendants' actions and practices constitute as unfair methods of competition or unfair or deceptive acts or practices under the UTPCPL because Defendants engaged in fraudulent or deceptive conduct which created a likelihood of confusion or misunderstanding. 73 P.S. § 201-2(4)(xxi).

51. Defendants' actions and practices also constitute as unfair methods of competition or unfair or deceptive acts or practices under the UTPCPL because: Defendants' conduct violated the FDCPA, as explained above and in violation of 73 P.S. § 2270.4(a); Defendants engaged in conduct the natural consequence of which is to harass, oppress, or abuse, in violation of 73 P.S. § 2270.4(b)(4); Defendants used false, deceptive, and misleading representations, in violation of 73 P.S. §

2270.4(b)(5); and Defendants used unfair and unconscionable means, in violation of 73 P.S. § 2270.4(b)(6). 73 P.S. § 2270.5(a).

52. Defendants' use of unfair methods of competition or unfair or deceptive acts or practices in the conduct of trade or commerce violates 73 P.S. § 201-3.

53. Plaintiffs and the class members lost money or property as a result of Defendants' violations and, therefore, are entitled to actual damages, statutory damages, treble damages, and all other available relief under 73 P.S. § 201-9.2, as well as reasonable costs and attorneys' fees, and such additional relief the Court deems necessary or proper.

## COUNT III
### Violation of the Loan Interest and Protection Law ("LIPL") 41 P.S. §§ 201, *et seq.*

54. This claim is brought individually and on behalf of the classes.

55. Defendants have collected or have attempted to collect from Plaintiff and the class members interest and/or charges prohibited or in excess of those allowed by law.

56. The LIPL provides for, among other things, damages, declaratory and injunctive relief, and attorneys' fees and costs. 41 P.S. §§ 501, 502, 503.

57. As a result, the Court should issue an order prohibiting Defendants from collecting such interest or charges, requiring Defendants to pay back such interest or

charges at a rate of triple the amount of such interest or charges, and awarding attorney's fees and costs.

## COUNT IV
## Violation of the Truth-in-Lending Act ("TILA")
## 15 U.S.C. §§ 1601, *et seq.*

58. This claim is brought individually and on behalf of the classes.

59. Defendants are creditors, assignees, and servicers, and Plaintiff and the class members' loans are residential mortgage loans and closed-end consumer credit transactions secured by a dwelling under TILA.

60. TILA requires periodic statements to be sent each billing cycle for the loans of Plaintiff and the class. 15 U.S.C. § 1638; 12 C.F.R. § 1026.41.

61. Defendants and their predecessors in interest failed to send the required periodic statements, in violation of TILA.

62. As a result of Defendants' failure to comply with the provisions of TILA, and the resulting injury and harm this failure caused, Plaintiff and the class members are entitled to actual damages, statutory damages, and attorneys' fees and costs under 15 U.S.C. § 1640(a).

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all claims so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a. An order certifying the proposed classes, appointing Plaintiff as representative of the proposed classes, and appointing undersigned counsel as class counsel for the proposed classes;

b. An order awarding actual, statutory, treble, and all other damages available by law, with pre- and post-judgment interest;

c. An order awarding attorneys' fee and costs;

d. An order declaring Defendants' conduct unlawful;

e. An order prohibiting Defendants' from engaging in the conduct described herein, prohibiting Defendants from collecting the interest or charges described herein, and requiring Defendants to pay back the interest or charges described herein.

f. An order awarding all other relief that is just, equitable, and appropriate.

                                                        Respectfully submitted,

Dated: May 30, 2024          By:   */s/ Patrick Best*
                                                       Patrick Best
                                                       David Gaspar
                                                       **ARM Lawyers**
                                                       18 N. 8th Street
                                                       Stroudsburg, PA 18360
                                                       Tel: (570) 730-4005
                                                       Fax: (484) 544-8625
                                                       patrick@armlawyers.com
                                                       david@armlawyers.com

                                                       */s/ Kevin Abramowicz*
                                                       Kevin Abramowicz
                                                       Kevin W. Tucker
                                                       Chandler Steiger
                                                       Stephanie Moore
                                                       **East End Trial Group LLC**
                                                       6901 Lynn Way, Suite 215
                                                       Pittsburgh, PA 15208
                                                       Tel: (412) 223-5740
                                                       Fax: (412) 626-7101
                                                       kabramowicz@eastendtrialgroup.com
                                                       ktucker@eastendtrialgroup.com
                                                       csteiger@eastendtrialgroup.com
                                                       smoore@eastendtrialgroup.com

                                                       *Attorneys for Plaintiff*